May it please the Court. My name is Kevin Page. I represent Albert Guzman and I work for the Federal Public Defender. Your Honors, the fairness and the law demand in this case that Mr. Guzman be put in the same position that he would have occupied if the government had been aware of the limitations on its discretion regarding third point motions at the time of the original sentencing. This means that he should receive the benefit of a third point motion unless either the government's decision to withhold the third point was not actually historically motivated by an improper consideration, what we now know to be an improper consideration such as refusing to waive appeal or the government had a mixed motive and the proper motives would have been sufficient to lead it to deny the third point. No other standard is fair and no other standard honors the plain text of 3742A which gives this court jurisdiction to decide whether a sentence resulted from a guideline error, not whether the same sentence could have been imposed without error. The government's current position about what it would have done if it had known what the rules were is relevant but it can't be the last word on the subject. The last word on the subject has to come from the court. This standard clearly supports relief. The evidence is strong that the government was in fact motivated by at least one improper motive when it decided to withhold a third point and that's not... The only reason the government gave is they don't agree to an interlocutory appeal simply on the right to suppress which has got nothing to do with the offense point to save the time and expense of the court and the government. Precisely and I think that's... Precisely. That objection was valid and I'm sure that the trial judge would not have allowed the appeal just on suppression. That's got nothing to do with this extra offense point. Well the government at the time had a policy against giving the third point, giving a third point motion in cases where the defendant retained any appellate rights. But that was not the policy that was being used when they objected to an appeal just on the suppression issue. We're not talking about that policy or that point. Well the government didn't give any reason to withhold the third point in the trial court... in the original trial court. It said that it was... would not agree to a conditional plea. Just on suppression. Just on about an appeal. You're not going to appeal just on suppression. Well I'm with him on that. I think the trial judge would be with him on that. That's not whether you give you an extra point because you've saved a lot of time. That's not allowing appeal on that sole question. Well 3E1.1 note 6 says the government should not withhold the third point motion if the defendant... solely because the defendant intends to appeal. Because the defendant refuses to waive appeal. Well that is... that language doesn't distinguish between appeals of suppression issues or trial issues or appeals that go to guilt innocence and those that go merely to sentencing. So under the plain language of 3E1.1 note 6 in its current form, which has been held to be clarifying, the government's motive to withhold the third point was because the defendant refused to waive appeal of the... of the suppression issue. What I'm saying is that waiving the appeal and the government's objection to an appeal at that level of a conviction or sentence, it is simply an appeal of an isolated question of suppression motion. It is not the waiving appeal to which that particular guideline sentence applies. Well Your Honor, the plain language of 3E1.1 simply doesn't distinguish. It talks about an insistence on limited to sentencing issues. I thought there was a long period of time where he did not plead guilty and the government had to get ready to go to trial because they didn't know what was going to happen. And that's true. And I will assume with the court that that might be a valid reason to withhold the third point. But the very first time we're hearing about that reason is in this forum. This in the fourth forum. There was no indication whatsoever of the government's displeasure with the defendant's delay in choosing to waive his right to a jury trial in the first... We can't give the third point, can we? We cannot do that. Yes, this court can do that. Castillo, United States v. Castillo recognizes that there is judicial review of the government's motive for granting the third point. But we sent it back to the district court to give the point, didn't we? We didn't just grant it on appeal. We still sent it back to the district court. Oh, I'm sorry. A court cannot. I mean, a court can. We sent it back to the district court. The government's going to say, but wait, we expended time and money preparing for trial because he would not plead guilty. So we had to get ready to go to trial even though, as it turned out, it wasn't much of a trial. And we've had an appeal now. Well, an appeal is not a proper ground to, under Castillo, is not a proper ground to withhold the third point. But the burden was on the defendant to show entitlement to the third point. The burden is on the defendant to show entitlement to the third point, but the defendant is… So on the record that you had at the original sentencing, what basis would you have in that record? The defendant offered to plead guilty. But Judge Owen has just pointed out the offer comes in September and that the multiple filings, witness list, or D or exhibit all are happening in July. Well, I don't think we can say that that delay defeats his entitlement to a third point as a matter of law. Well, the district court, if we sit back and make that judgment call… The district court could make that judgment call. Yes, it could. And so the question that the district court is going to have is would the government have moved for a third point if it had been aware of the limitations on its discretion to do so? And the reason that the district court is empowered to do that is that under Castillo, there is a district court's power to review whether the government's motive complies with 3E1.1. In Castillo, the government proffered a potentially valid reason that something hadn't been litigated in good faith at sentencing. But this court still sent it back to the district court in order to say, district court, please decide whether or not that was actually in good faith or bad faith. They didn't simply say the district court has to agree that the government's motive is correct. So now the government, in its brief now, is pointing out about all of the effort and expense and time that has been put in for this defense. But I guess what you seek is a vacate the sentence and send it back for resentencing or for the trial court to decide. That's right. Ultimately, it has to be decided by the trial court whether or not the motives proffered by the government would have motivated it to deny the third point in the first sentencing. But what in the original record says that the government was withholding the third point because of the refusal to await the appeal? Well, on page 487 of the original sentencing, the defense says that it was the defense's unwillingness to sign the government's plea agreement that led them to deny the third point. The defense says that? The defense says that. It's uncontradicted. I mean, we didn't have Palacios until after the mandate issue. I know, but I'm just saying, in a case you would think there'd be possibly room for remand if the government said, this is why we did it, and therefore you've got a mixed motive case. Is it solely the motivating factor, the illegal one, or is there another one? But what this record seems to me to have is demonstrable evidence the government had prepared for trial months before this gentleman ever said, I want a conditional plea. So a compelling and sufficient reason to not give a third point. But you're saying the defendant postulated that he wasn't getting it because they had a policy at that time and it wasn't contradicted, and therefore we have to remand to explore whether that policy existed in this case. Well, there are – that's one piece of evidence. The second piece of evidence is a slew of case law acknowledging that this was the uniform policy of the United States Attorney's Office for the Northern District of Texas to insist on a full appellate waiver with very limited exceptions in order to receive the third point. There is also the very probative evidence of the trial prosecutor on remand statement when the issue was squarely litigated, when I said – raised the issue of 3E1.1 and said that it was denied because of the policy of the Northern District of Texas. And that prosecutor didn't deny that that was what had happened and said, going forward, we will rely – we will refuse the third point because of the suppression motion. I can't make – I'm not going to put the prosecutor on the stand to tell them what there is, but that is enough evidence that the cumulative effect of that, all of those statements by the prosecutor, all of those reactions to this assertion are enough to raise the issue with the district court so that the district court, as a fact finder, can decide whether or not the motivation was proper or improper. In those – What post-Palacios case do you have where this cumulative sort of atmosphere was sufficient for the court to, I guess, put the prosecutor on the stand and said, what was your motivating factor? Do you have any case that has district judges doing that? There have only been two. He says, I think this was your policy. I think this is what you did. The government doesn't say yes, no, but that triggers an obligation on the district court to try to get to the bottom of whether it was a mixed factor. Of those two – I mean, of the two cases that have been decided since then, no – I mean, or three, I suppose, none of those. I'm fairly sure that in Blasius, they said, on the record, we're denying it because he didn't sign an appeal. That's true. Perhaps this would be a good forum to ask this prosecutor, was this motivated by an appeal waiver in this case? I mean, it's not like this is an unknowable fact, and it would be – it seems to me that there's enough here that it's worth at least asking the question. Did this motivation play a role in the decision to deny the third point? Well, if I were the prosecutor and the judge had said, well, I don't think that's a valid reason, then they would have come up with other reasons, which they had. I mean it's not as if there's bad faith here. I mean they had good reason to deny the third point. Well, I wouldn't characterize it as bad faith, but there's certainly been a very consistent pattern of every time we learn more about what the limitations on the government's discretion are, we hear a new reason. And I think a district court can take into consideration whether or not that was the actual motivation of the trial prosecutor at the time and the fact that it had never been – that it hasn't ever been mentioned until this fourth forum, even though it was raised on remand, even though that prosecutor had every capacity to say that was not our reason at the time. Well, there's probably a good reason for that because our case law, in spite of what other circuits have done, was very clear that that's a basis for withholding the point, even after the sentencing commission disavowed our case and said no. That certainly wasn't the case on remand. On remand, after Palacios, after this court had said that an appeal waiver is not an appropriate basis, and I said the appeal waiver was the basis, that prosecutor didn't say it wasn't the basis in this case. He said only going forward, going forward, I will rely on the suppression hearing. And the suppression hearing, incidentally, is also an improper consideration. The judge denied the third point on that record. Well, the judge in this case – on remand, the judge simply relied on the mandate rule. The judge said Palacios is an irrelevant fact because this court has demanded that I reinstate the same sentence. And so if nothing else in the case, then this court should remand so that the district court can reach this issue because this – neither the legal nor the factual questions at issue here have been reached at all because of the erroneous understanding of the district court that there is no – that there essentially is no exception for a mandate rule in spite of the intervention of Palacios. So with that, I yield the rebuttal. Good morning. May it please the court, Amy Birch for the United States. The mandate rule requires the district court to strictly adhere to the letter in the spirit of this court's mandate. This court sent the case back with instructions about the suppression issue and told the court, if you find that the evidence should still be suppressed, you should impose – reimpose or reinstate the conviction and sentence. And that is exactly what the district court did. Now, on remand, the defense did raise these exceptions to the mandate rule and offered to the court that it would work this manifest injustice and would be clearly erroneous to reinstate his conviction and sentence as ordered by the court. And that controlling authority, that being Palacios, had since made a contrary decision of law. And the government disputes that Palacios worked to change the law as to the reasons for withholding the third point, certainly with regard to the failure to waive appeal as being the only issue. But in this case, at the original sentencing, there were legitimate reasons why the government may have withheld that third point. And the government simply wasn't called on to give those reasons because the law existed at the time. Any one of those reasons would be acceptable. First, the failure to waive your appellate rights. Second, the forcing the government to essentially a mini-trial in terms of the suppression issue. And I think in this case it's important to remember we're looking at a 922G case, a felon in possession with a gun. He's seeking to have the gun suppressed. That is the trial. If the government doesn't prepare for the suppression motion, which is pretrial litigation leading up to the trial, all of that is trial preparation. And essentially the government's going to call the same law enforcement witnesses to talk about the same interaction with the defendant that's going to yield the result of do we get the gun or do we not get the gun. And if we don't get the gun, there is no trial. So in some senses, in many cases, the suppression issue is almost the trial. And certainly that was the case here. So what happens post Palacios if immediately before any trial prep occurs the defendant calls and says I want to enter a conditional plea? Now here the government refused the conditional plea. Correct. But if the defendant does that, would they be entitled to the third point? Your Honor, I think you have to read 3E1.1 in context. And it talks about timely notifying the authorities of intent to enter a guilty plea. So here what you're saying is, okay, he wants to enter a guilty plea, but he wants to do it on his terms, not on terms that the government is ‑‑ and every case is different. We do offer conditional pleas sometimes. We didn't in this case. And so here I think you have to read the commentary about the government shouldn't withhold it for failing to waive appellate rights in context of he's willing to enter a guilty plea. And normally, as we know, the guilty plea would by its nature waive the right to raise the suppression issue. That's different from the appellate rights that survive a guilty plea. And I think that's what the commission was getting at because certainly there were many offices, ours included, that would require a defendant to waive some of those appellate rights that they would ordinarily ‑‑ that ordinarily they would be able to keep with a guilty plea. And so when you read that in context, it seems like the commission can't be saying government, you're going to now forevermore be forced to enter into a plea agreement that you don't want to enter into and you're going to be forced to move for this third point, even in cases where the defendant won't waive things that would ordinarily not survive a guilty plea. And that's part of the commentary. So I think that's the best response I can give you right now. I mean, obviously, we haven't encountered that precise situation yet. I do ‑‑ I think it's logical that that will come up at some point because of the failure in the discussion to distinguish. You know, we talk about appellate rights as this, you know, great, big, vast thing without talking about, you know, different appellate rights. They're not all the same and they don't all ‑‑ they're not all treated the same. For example, the right to appeal your sentence. Right, right. That's exactly right. So here, the mandate exception doesn't apply because there wasn't this intervening case law by a controlling authority. And we have the discretion to enforce the mandate rule. That's not a ‑‑ we're not ‑‑ we have discretion to say yes or no. The two of us sat on the proper panel. Yes. Your Honor, but district courts look to this court to give them guidance. And when this court tells the district court, you do this, then the district court listens. The district court, I mean, as a parent with my little children ‑‑ We're not here to fuss at the district court or fault the district court for what they're doing. No, we're here to determine is there a basis that we should ask the district court a third time and ask the prosecutor, I guess put the prosecutor on the stand and say what was in your heart when you moved, when you said it was not entirely a third thing. And surely, Your Honor, I mean, respectfully, putting the prosecutor on the stand and saying, let's go back in time and talk about what you might have done maybe if you'd known or if you didn't know, when there's completely legitimate, reasonable basis in the record for the prosecutor to have withheld a third point based on the trial preparation. I mean, even if you look at only that, it's very clear that even the week before trial at the pretrial conference, the prosecutor is saying he wants this special type of trial, you know, yes, we'll let him do it so that he can preserve his first two points. At that point, it wasn't even clear that he was going to be able to preserve those first two acceptance points that the district court awards, and that's why they did this sort of unusual truncated type trial approach so that he could still avail himself of those two points. But there was never a discussion about that third point still being on the table. And the prosecutor, you know, even tells the judge, well, what are we going to do if he backs out at the last minute because then I won't have my witnesses here? I mean, the prosecutor is still thinking this thing could still go to trial and certainly had already filed exhibit list, witness list, jury instructions, word of request. All of that had already been done and had been done back in July after the defendant in June, well a year after his indictment. We're not talking about telling the government in a timely way, this is what I want to do. Back in June of 2012, he files a motion saying that he desires to go to trial. He wants to exercise his rights and have a jury determine his guilt or innocence. And in response, the government files all these documents. When was it converted to a bench trial? I'm sorry? When was it converted to a bench trial? There was a pretrial conference that took place on September the 4th of 2012. And at that conference, counsel indicated that his client had decided the week before, so we're looking at sometime at the end of August, had decided the week before that he wanted to plead guilty. He had approached the government about a conditional guilty plea. The government had declined to make that agreement. And so now he's trying to find a way, can we do a bench trial where he stipulates to everything so that he can still get his first two points. But that third point was never part of the discussion, and I don't think there's any indication other than this sort of speculation that I think the reason... So the non-jury stipulated trial. Yes. The discussion about that includes the agreed intent of both sides to give him the two points. That was the reason for that? The reason for it was because the... I don't recall the government ever... The government agreed to the stipulated bench trial. I mean, the government said it understood that. And it was clearly trying to work with the defense to help the defense be able to avail himself of those first two points. Because, as I said, it was unclear at that point whether even the district judge says at the pretrial conference, well, I don't know enough to know if that's even going to preserve his first two points. But if you tell me that's what the law is... The judgment conviction reflects that it was a guilty plea. It doesn't reflect the trial at all. The J&C. Is that why? I'm not sure about that, Your Honor. I'll have to go back and look at the judgment. But that would probably be why. And the court did treat it like a guilty plea at that. They stipulated the facts. Did they not? Didn't they stipulate the facts that included his guilt? He did stipulate to the facts. At the bench trial. At the bench trial. What was said then about sentencing after that? At sentencing, he argued he did get his two points, the first two points for reduction in his PSR, and he asked the court to consider that the case came through different channels. He never told the court that the government was wrong for withholding the third point, but he did say, well, if he had pled guilty instead of coming this other way, the court, you could take it a point lower. But there was no discussion otherwise. Correct. Neither the government and the court said nothing. No inquiry. Correct. They really didn't talk about that one point, that offense point. Correct. That's correct. And the reason, again, was because at the time, the law was very settled that the government could withhold it for appeal, could withhold it for the suppression issue. And to be fair, that's not even right today if we were having that discussion. The suppression issue, I mean, it's something that we've debated amongst ourselves as far as what does 3E1.1 mean with regard to suppression. And obviously, the government's stance is it is getting ready for trial. It is different from Castillo because Castillo was somebody that pled guilty and then came in after and engaged in, you know, behavior at sentencing that may have been in bad faith. And if it was in bad faith, as the government believed, then she might not be entitled to acceptance of responsibility. It's just different. On remand, when it went back, the trial counsel said, or the government said, stood there and listened to the defendant's counsel say, well, the reason the government denied the third point was because of no appellate. And the government didn't say anything. What are we to make of that? The government said that it was, in this case, yeah. That's what he told us just a minute ago. The government said that it would have withheld the third point because based on the resources expended at the first suppression issue. That's what they told the district court on remand. Correct. Based on the resources expended on the suppression issue. Did they say going forward that would be our argument, or did they say that's why we did it in this case as well? They said that it was because of the resources expended at the original suppression hearing. And it didn't, I don't believe that he said we're only going to argue that going forward. I believe that it was silent in the beginning. He called the question, on remand he called it into question, and the prosecutor said, look at all these resources we put into the suppression issue. And so the prosecutor said that, and the court did not rule one way or another on the third point. The court just simply reimposed the sentence. Did the counsel for the government argue the mandate rule? Yes. The counsel for the government argued the mandate rule and argued that the court should follow this court's mandate. So they said no discretion regarding the third point, that's by the boards? I believe that the government just said that the mandate rule should apply because the intervening law change that would provide the exception, Palacios, doesn't address the reason the government withheld the motion, the suppression issue. So that's on the record. You're sure of that? No, probably not. Well, now that you, when you say it like that it makes me say no. Well, he was fairly definite that on remand the issue came up about the third point and the defense counsel said the reason the government withheld this was because of lack of appeal waiver and that the government stood by silently. The government didn't, I don't believe the government said anything, yay or nay, about the appeal waiver policy. I don't think the government said, no, we don't have that policy. I don't think the government said, oh, yeah, we had that policy, but the reason, but that's not here. What the government did say was because of the resources that we spent on the original suppression motion, that is why we're withholding the third point. Because what the defense did is they filed this motion saying, please, judge, let us go back to sentencing because perhaps the government might want to move for a third point. And the government responds to that by saying, no, we don't. No, we really don't want to move for the third point. And we don't want to move for it because of the suppression issues. But the record is clear that even if this court were to remand this back for resentencing and the court opens it all up again and the government has to give a reason for why do we withhold it, I mean, we still have a valid reason today for withholding it. We got ready for trial. There certainly wasn't any delay saving the court and the government. It hasn't saved you all time. It hasn't saved us time. The rule says that the time and effort of the court is also involved here. Now, let me ask you what would be the answer of your office if the lawyer for the defense comes and says we're thinking about pleading guilty. I haven't plead guilty. We're thinking about pleading guilty. We would do it if you would agree to give us an extra offense point. I'm not sure I understand the hypothetical that if the defendant comes to the government. I would think that might happen fairly common that before the defendant pleads guilty, he'd like to know that he's going to get three instead of two. Right. I do understand what you're saying and you're right. That does happen somewhat commonly. And wouldn't you say this is hypothetical. You plead guilty or don't plead guilty and then we'll see whether or not you're entitled to that extra offense point. Isn't that what you'd say? I would think so, but you might not. And in many cases when the defendant has delayed determining whether they want to plead guilty or not and they come to the government and they say, hey, we know we're last minute here. We're thinking about entering a guilty plea. We know we're late, but hey, will you move for the third point? I mean, that's a discussion that happens. If you'd done it was on the verge of either trying or pleading guilty, I'm sure you'd say, no, you don't get that point. But I would just think maybe earlier you might say, well, you just wait and decide and then we'll decide what our situation is. But you have to plead guilty before we make any commitment. And typically, I mean, I've been trying cases in the Lubbock office for ten years and my typical answer is if I got ready for trial, I'm not moving for the third point. I'm not if that's what happened. Weren't you trial canceled? Not in this case, no, Your Honor. On remand? No, Your Honor. Therefore, equally, if you haven't prepared much, you say it looks really good. The twist, right, looks good, looks likely you'll get it. We didn't prepare much. Sure, sure. You're probably going to get it. The twist here is he said, I want a conditional plea. And then the government said no. And he said it at the last minute. I mean, he didn't say I want a conditional plea two weeks after. What is the post-Palacios law? Is it the actual reason the government might have withheld or denied at the beginning, or is it whether there is any permissible reason? Well, Your Honor, in pause, this court did look at what the motivations were, but it was based on the record, and there was a permissible reason, and that was a mixed motive case. And this court determined that because remanding it would be futile, because the government would have a reason to put on the record, that it just wasn't appropriate to remand on that basis. And for those reasons, we asked the court to affirm. Thank you. May it please the Court. There are two good reasons to remand in this case. The first one is that the district court erroneously relied on the mandate rule in deciding that it wasn't going to revisit the sentence in spite of an intervening change of the law. And for that reason, it never reached the legal or the factual question that's before this court, and it is the appropriate body to decide that. Now, there are two facts that give us enough to suggest that the district court needs to make that fact-finding, enough to suggest that there may have been an improper motive, what we now know to be an improper motive, at play in the denial of the third point. The first is that today, my colleague, to her credit, has acknowledged that there was a policy of the Northern District of Texas to withhold the third point motion if the defendant does not execute a waiver. That means that even if this defendant had said, I don't want a conditional plea anymore, I will waive everything but my right to a sentencing appeal, we now know that the U.S. Attorney's Office would have still withheld the third point. So that's enough to get it to the district court to say, did the decision to withhold the third point result from this improper motive? The second piece of probative evidence that an improper consideration played a role is the very probative statement of the trial prosecutor on remand who said, and I'm going to quote from 344, even if this court were inclined to entertain Guzman's arguments, the government notes that under no circumstances would it move for the third level reduction in light of the resources it expended on the original suppression hearing. So that is not a statement about its reason for withholding the third point in the first hearing. It's a going forward statement about what my rationale is now. Even though the question of whether it relied on an improper motive in the first hearing was called directly to its attention, and it's the trial prosecutor's on remand's failure to address that question even after I say on 314 this played a role in the decision to deny the third point is very probative of the fact that… Well, I don't think there's any denying it played a role. They're saying the other reason that we always had, they're not saying subjectively, but that they had was the amount of resources they spent on getting ready for trial. They may be saying that now, but I don't ever hear a clear statement from the government that indicated this was a part of the reason to withhold the third point at the time. It wasn't the statement in the trial, in the first trial. It wasn't the statement on remand, even when the issue was brought directly to its attention. Well, what you read to me from the record is somewhat ambiguous. It's not saying just that I never would. It's not saying even though that was not part of our thinking originally, it is now. I don't think it's unequivocal. It's to get ready for a suppression hearing, and in the 922G case, that's the whole case. That is the trial. So when they say, in fact, what the record shows that we did is exactly what I ended up having to do, why doesn't that fit into the Paz decision society, which is that's a statement, a contemporaneous statement post-Palacios by the government. We got ready for trial. Because a suppression issue, even if it is extensive, is not a proper motive to deny the third point. What's the best case for that? That is Castillo, which doesn't deal with a suppression issue, but it deals with a sentencing issue that consumes an entire day and where the government says, I'm in the same position I would have been if I had been for trial. This is the functional equivalent of trial. And this court said the functional equivalent of trial is not trial, that the fact that you have to prepare as much. Didn't we say I need to reread Castillo? I don't remember that. Well, I am paraphrasing a little bit. But the government certainly said I'm in the same position, we basically had a trial. And this court said basically had a trial is not enough. They prepared for trial because your client didn't plead guilty until late in the game. Which might have been a valid reason if it had been the actual historical reason. But there's evidence to believe, reason to believe that it wasn't the historical reason. They would have had to have been idiots to not know that they had spent a lot of time and resources getting ready to call witnesses at trial. And had they been pressed on the issue, I can't imagine the prosecutor wouldn't have said, but Your Honor, particularly in light of telling the judge whatever I do if he backs out of the deal, I'm not going to have my witnesses on the trial date. I don't think that that – I think the evidence is not clear that that would have been enough to motivate it to withhold the third point, particularly as unlike in Paz, it never moved to deny the first two points on the ground of the delays in waiving the jury trial. What was the suppression hearing? What month? It was – which suppression hearing? The second one? The original one. The original suppression hearing was – gosh, I don't know, it was years ago. But was it in relation to the change of the witness and exhibit lists? I believe it went to suppression hearing and then preparation such that it was, and then the bench trial. If the court has nothing else to say, I'm out of time. Thank you.